

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,683-01, 82,683-02 & 82,683-03

### EX PARTE EUGENE DALE ENDERLIN, JR., Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. 1035438-A, 1114973-A & 1114974-A IN THE 339TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of misapplication of fiduciary property and two counts of aggregate theft. He was sentenced to thirty years' imprisonment on each count. He did not appeal his convictions.

Applicant contends, among other things, that trial counsel rendered ineffective assistance and that the State failed to disclose evidence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*,

466 U.S. 668 (1984); *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond and state whether (1) he investigated and obtained bank statements from Applicant's personal account and partnerships in which Applicant participated; (2) he advised Applicant that if he served time in prison, he would not have to pay restitution; (3) he advised Applicant that he could not be both on bond and have court-appointed counsel; (4) he explained to Applicant that he could be sentenced by a jury rather than the trial judge; and (5) he advised Applicant to plead guilty because he would not represent him at trial unless he paid additional fees. The trial court shall also order the prosecutor to respond to Applicant's *Brady* claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's and the prosecutor's responses, the trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. It shall also make findings and conclusions as to whether the State failed to disclose evidence that was material to Applicant's convictions or sentences. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues.

The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 1, 2015
Do not publish